UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BARBARA LELEUX | CIVIL ACTION NO. 6:17-cv-01237 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| LUTFE HASSAN | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendant, Lutfe Hassan. (Rec. Doc. 6). The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be denied.

### BACKGROUND

In her complaint, plaintiff Barbara Leleux alleged that her constitutional rights were violated when the defendant, Lutfe Hassan, failed to provide her with sufficient notice before garnishing her wages. According to the complaint, Mrs. Leleux is employed by the St. Mary Parish School Board as a teacher, and is married to Calvin Leleux. Mr. Hassan allegedly secured a money judgment against Mr. Leleux and others in a lawsuit in which Mrs. Leleux was not a party. After registering the

judgment in this court, by means of an action separate from this one, in which Mrs. Leleux again was not a party, Mr. Hassan instituted a proceeding under Louisiana law, by which Mrs. Leleux's wages are being garnished to satisfy the judgment in favor of Mr. Hassan and against Mr. Leleux. Mrs. Leleux alleged that she was not served with any notice of the garnishment proceeding before her wages were seized. She further alleged that this was a violation of the due process rights guaranteed by the Fourteenth Amendment of the United States Constitution. Mrs. Leleux brought her lawsuit under 42 U.S.C. § 1983, and she seeks to recover her lost wages, damages for her emotional pain, suffering, and distress (including damages attributable to her allegedly injured reputation); and punitive damages.

The defendant responded to Mrs. Leleux's complaint with the instant motion to dismiss. In support of the motion, the defendant argued that Mrs. Leleux's salary constitutes community property; that under Louisiana law community property can be seized to satisfy the debts of either spouse; that Louisiana's garnishment law requires notice only to the judgment debtor; that due process does not require service of notice of garnishment proceedings on both spouses; and that Mrs. Leleux had actual notice of the garnishment.

## LAW AND ANALYSIS

**I.   THE STANDARD FOR EVALUATING A RULE 12(B)(6) MOTION**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

---

[1]   *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]   *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]   *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]   *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a

---

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## II. THE STANDARD FOR EVALUATING A SECTION 1983 CLAIM

In her complaint, the plaintiff articulated a claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[14] To state a Section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[15]

---

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[14] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[15] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

In this case, the plaintiff's complaint expressly stated that the plaintiff's claims are premised on alleged violations of her Fourteenth Amendment procedural due process rights. Therefore, the first criterion is satisfied.

With regard to the second criterion, "a private party's participation with state officials in the seizure of disputed property based on that party's *ex parte* application is sufficient to characterize the party as a 'state actor' for purposes of the Fourteenth Amendment."[16] Therefore, the second criterion is also satisfied.

### III. THE SUFFICIENCY OF THE FACTS UNDERLYING THE PLAINTIFF'S CLAIM

The plaintiff's complaint alleged that the defendant instituted a garnishment proceeding against her, in order to execute a judgment that was not rendered against her, in a proceeding to which she was not a party. The plaintiff's complaint further alleged that the defendant was acting under color of state law in bringing the garnishment proceeding due to the involvement of state officials and state procedure in the garnishment proceeding. The complaint further alleged that the plaintiff was not provided with the type of notice required to satisfy the Fourteenth Amendment's

---

[16] *Doyle v. Landry*, 67 Fed. App'x 241, 2003 WL 21108477, *4 (5th Cir. 2003) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941-42 (1982)). See, also, *Davis Oil Co. v. Mills*, 873 F.2d 774, 781 (5th Cir. 1989) (finding that, when the plaintiff challenged the constitutionality of the state procedure that allowed foreclosure and the execution of a judgment pursuant to foreclosure without providing constitutionally adequate notice to other parties whose interests in the property would be extinguished along with the debtor's interest, the private entity that initiated the proceeding was considered a joint participant with the state because it set into motion the procedures that would extinguish the plaintiff/non-debtor's interest in the property).

due process requirements, and that the deprivation of her due process rights resulted in injury and damages. The various related lawsuits are identified by name and number, the relevant dates are specified, the state statutes under which the garnishment was effected are identified, and the constitutional provision allegedly violated is expressly named. While the factual detail set forth in the complaint is not lengthy, it is sufficient to articulate a plausible claim.

In response to the complaint, the defendant articulated four arguments but all of them go to the merits of the plaintiff's claim and not to the issue of whether a plausible claim was stated in the complaint.

The defendant argued that Mrs. Leleux's salary constitutes community property; that under Louisiana law community property can be seized to satisfy the debts of either spouse. Neither of those arguments addressed the constitutional sufficiency of the notice that Mrs. Leleux received before her wages were garnished.

The defendant also argued that Louisiana's garnishment law requires notice only to the judgment debtor, that due process does not require service of notice of garnishment proceedings on both spouses, and that due process was satisfied in this case because Mrs. Leleux had actual notice of the garnishment. While those arguments may ultimately be found sufficient for the defendant to prevail on the merits, they are primarily legal rather than factual in nature and they also require

evidence of facts beyond the four corners of the plaintiff's complaint. When considering a Rule 12(b)(6) motion, such as the one before the court at this time, a court has complete discretion to consider documents other than the complaint[17] if those documents are attached to the motion, referenced in the complaint, and central to the plaintiff's claims.[18] If a court considers materials outside of the pleadings, however, the motion must be treated as a motion for summary judgment,[19] and the nonmovant must be afforded the procedural safeguards of Fed. R. Civ. P. 56.[20] If the court does not rely on materials beyond the complaint, however, it need not convert the motion to dismiss into one for summary judgment since the parties' submission of extraneous materials does not automatically convert a motion to dismiss into a motion for summary judgment.[21]

---

[17] *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980).

[18] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins v. Morgan Stanley*, 224 F.3d at 498–99.

[19] Fed. R. Civ. P. 12(d).

[20] *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

[21] *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

This Court will not consider any documents other than the plaintiff's complaint and will not convert the motion to dismiss into a motion for summary judgment.[22] The arguments presented in support of the defendant's motion do not establish that Mrs. Leleux failed to state a valid claim. To the contrary, when the facts set forth in the complaint are viewed in a light most favorable to the plaintiff, and when only the content of the complaint itself is considered, it is clear that Mrs. Leleux sufficiently alleged a constitutional violation by a state actor. Therefore, the allegations of Mrs. Leleux's complaint articulate a plausible claim. Accordingly, it is recommended that the defendant's motion be denied.

## CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that the defendant's motion to dismiss the plaintiff's complaint (Rec. Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[22] It should be noted that the plaintiff's brief indicates that her affidavit was attached (Rec. Doc. 8 at 1, n. 2) but no affidavit was actually filed with the court. The plaintiff's omission is immaterial, however, because this Court has decided not to consider any materials outside the four corners of the plaintiff's complaint.

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on December 4, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE