# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **BARBARA LELEUX** | **CIVIL ACTION NO. 17-1237** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LUTFE HASSAN** | **MAG. JUDGE PATRICK J. HANNA** |

## <u>RULING</u>

Before the Court is a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 6]

filed by Defendant Lutfe Hassan. On December 4, 2017, Magistrate Judge Patrick J. Hanna issued

a Report and Recommendation [Doc. No. 10] in which he recommends denying Defendant's motion.

Defendant objected to the Report and Recommendation on December 18, 2017. [Doc. No. 13].

Finding that the Magistrate Judge's ultimate recommendation is correct under the applicable

law and the record, the Court ADOPTS the Report and Recommendation. The Court issues this

Ruling to address Defendant's objection that the Magistrate Judge erred in declining to consider

documents attached to his motion.

In reviewing Defendant's motion to dismiss, the Magistrate declined to consider any

documents other than Plaintiff's Complaint, reasoning:

> When considering a Rule 12(b)(6) motion, such as the one before the court at this
> time, a court has complete discretion to consider documents other than the complaint[1]
> if those documents are attached to the motion, referenced in the complaint, and
> central to the plaintiff's claims.[2] If a court considers materials outside of the

---

[1] *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193
n.3 (5th Cir. 1988); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir.
1980).

[2] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v.
Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

pleadings, however, the motion must be treated as a motion for summary judgment,[3] and the nonmovant must be afforded the procedural safeguards of Fed. R. Civ. P. 56.[4]

[Doc. No. 10, pp. 7-8 (footnotes in original)].

As the Fifth Circuit opined in *Isquith*, 847 F.2d at 196, courts do have discretion to consider documents other than the complaint: "when *non-pleading materials* are filed with a motion to dismiss . . . a district court has complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not . . . ." However, if the documents in question are attached to a motion to dismiss, referenced in the complaint, and central to the plaintiff's claims, they are considered pleading materials. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Courts may consider documents meeting these criteria without converting the motion to dismiss into one for summary judgment. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).[5]

Here, Plaintiff's Complaint tenuously references the documents that Defendant attaches to his motion, and the documents are central to Plaintiff's claims. [*Compare* Doc. Nos. 1, 6]. Therefore , the Court has considered the documents. Nevertheless, the Court finds no basis to depart from the Magistrate Judge's ultimate recommendation. The documents do not squarely conflict with

---

[3] Fed. R. Civ. P. 12(d).

[4] *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

[5] As the Fifth Circuit explained: "Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. But because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Plaintiff's claims or otherwise render Plaintiff's claims implausible. *See Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."); *Sheppard v. Tex. Dep't of Transp.*, 158 F.R.D. 592, 597 (E.D. Tex. 1994) (contrasting earlier case that did not consider references to documents that "did not even completely refute the assertions made in the plaintiff's complaint" with case where document "directly refutes the complaint's assertions."). Accordingly, Defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 6] is DENIED.

MONROE, LOUISIANA, this 8th day of January, 2018.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3