**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

BARBARA LELEUX                              CIVIL ACTION NO. 17-1237

VERSUS                                      JUDGE TERRY A. DOUGHTY

LUFTE HASSAN                                MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending are three related motions: (1) a Motion For Summary Judgment filed by the defendant, Lufte Hassan ("Mr. Hassan") (Record Document 24); (2) a Motion To Compel filed by the plaintiff, Barbara Leleux ("Mrs. Leleux") (Record Document 26); and (3) a Motion To Defer Consideration Of Motion For Summary Judgment filed by Mrs. Leleux (Record Document 29). All of the motions were opposed. See Record Documents 28, 32 and 33. The motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the defendant's motion for summary judgment be GRANTED and that the plaintiff's claims against the defendant be DISMISSED WITH PREJUDICE. Furthermore, it is recommended that the plaintiff's motion to compel, the plaintiff's motion to defer, and the defendant's request for attorney's fees be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Mrs. Leleux alleges that her constitutional rights were violated when the defendant, Mr. Hassan, failed to provide her with sufficient notice before garnishing her wages. Mrs. Leleux is employed by the St. Mary Parish School Board, and is married to Calvin Leleux.[2] Mr. Hassan secured a money judgment against Mr. Leleux and others in a lawsuit in the United States District Court for the Eastern District of Louisiana, in which Mrs. Leleux was not a party. Mr. Hassan registered the judgment in this court, by means of an action separate from this one, in which Mrs. Leleux again was not a party. See Hassan v. Swiftships Shipbuilders LLC, et al., 16-mc-0014, Record Document 1 (hereinafter referred to as "Garnishment Proceeding"). Thereafter, Mr. Hassan instituted a proceeding under Louisiana law, by which Mrs. Leleux's wages were sought to be garnished to satisfy the judgment in favor of Mr. Hassan and against Mr. Leleux. See id., Record Document 33.

Mr. Hassan filed his motion for garnishment on August 21, 2017, and served it on Mr. Leleux through his counsel of record. See Record Document 6-2. The garnishment interrogatories attached thereto inquired as to Mrs. Leleux's wages and asserted that her wages "comprise a portion of the community of acquets and gains existing between [Mrs.]

---

[1]Many of the facts stated herein are taken from the Defendant's Statement Of Uncontested Material Facts (Record Document 24-2), which must be deemed admitted for purposes of this motion. See Local Rule 56.2 ("Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.").

[2]Mrs. Leleux "has not entered into a contract with her spouse, Calvin Leleux, [to] establish a regime of separation of property, a contract modifying or terminating the legal regime, or file[d] a joint petition to modify or terminate a matrimonial regime." Record Document 24, Statement of Uncontested Material Facts at 2 ¶ 9.

Leleux and Calvin Leleux and are consequently subject to execution in satisfaction of Calvin Leleux's indebtedness to Mr. Hassan," citing Louisiana Civil Code Article 2345.[3] See id. at 3 ¶ 7.  On August 23, 2017, the motion for garnishment was granted in part,[4] and on September 26, 2017, the United States Marshal served the motion for garnishment with garnishment interrogatories on the St. Mary Parish School Board.  The School Board filed its answers to the garnishment interrogatories on September 27, 2017, and on September 28, 2017, Mrs. Leleux filed the instant complaint.[5]

The amount of $1,163.31 was deducted as a garnishment from Mrs. Leleux's November 2017 paycheck, which appears to have been issued near the end of the month. However, that amount was reimbursed to Mrs. Leleux by the School Board on November

---

[3]Louisiana Civil Code Article 2345 provides that a "separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation."

[4]The motion was granted to the extent that it sought a citation to St. Mary Parish School Board and an order that the School Board be served with and ordered to answer the garnishment interrogatories within fifteen days.  See Record Document 6-4.  The order did not, however, order the actual garnishment of any of Mrs. Leleux's wages.  In fact, the order in the language proposing the delivery of any property the garnishee had in its possession to the United States Marshal was specifically stricken by the court.  See id.

[5]A second Motion To Order Garnishment, again seeking to garnish Mrs. Leleux's wages, was filed by Mr. Hassan in the Garnishment Proceeding on November 17, 2017, wherein he asserted that "[c]ounsel for Mr. Hassan has also contacted counsel for the judgment debtor and the judgment debtor's spouse, who advised undersigned counsel that Calvin Leleux and Barbara Leleux respectively strongly object and strenuously oppose the relief requested in this *Motion*, as well as the proposed *Order of Garnishment* attached hereto."  Garnishment Proceeding, Record Document 63 (emphasis in original). Thereafter, Mrs. Leleux, represented by her husband's lawyer from the Garnishment Proceedings, filed an opposition to the garnishment.  See id., Record Document 64.

30, 2017.[6]  In Mrs. Leleux's December paycheck, dated December 21, 2017, the amount of $1,163.31 was again deducted as garnishment but was reimbursed by the School Board on December 28, 2017.  See Record Document 28, Declaration of Mrs. Leleux and Exs. A-D.  These were the only funds ever withheld from Mrs. Leleux's wages.

In her complaint, Mrs. Leleux alleges that she was not served with any notice of the garnishment proceeding before her wages were seized.  She further asserts that this was a violation of the due process rights guaranteed by the Fourteenth Amendment of the United States Constitution.  She argues that only after Mr. Hassan discovered his error of failing to provide notice to her of the garnishment did he file a second motion for order of garnishment, of which he notified Mrs. Leleux "by letter dated November 6, 2017."  Record Document 28 at 2.[7]  Mrs. Leleux brought her lawsuit under 42 U.S.C. § 1983, and she seeks to recover her lost wages, damages for her emotional pain, suffering and distress, and punitive damages.

Mr. Hassan initially filed a motion to dismiss Mrs. Leleux's claims against him.  See Record Document 6.  The undersigned denied the motion to dismiss, finding that Mr. Hassan's arguments therein went to the merits of Mrs. Leleux's claim and not to the issue of whether a plausible claim was stated in the complaint.  Therefore, this Court

---

[6]The date of Mrs. Leleux's November paycheck is unclear from the record. However, the paystub attached to Mrs. Leleux's declaration seems to indicate that she was paid on November 30, 2017, and the answers to the garnishment interrogatories filed by her employer state that she is "paid monthly on the last day of the work week."  See Record Document 28, Ex. A and Record Document 6-6, Ex. 5 at 2.

[7]Mrs. Leleux refers the Court to "the letter from Dylan Leach (Mr. Hassan's lawyer) to Mrs. Leleux, dated November 6, 2017, attached hereto as Exhibit 'B'".  Record Document 28 at 2-3.  However, no letter was attached to Mrs. Leleux's filing.

recommended that the motion to dismiss be denied, as Mrs. Leleux's allegations had articulated a plausible claim for relief.  See Record Document 10.  This recommendation was adopted by the district court.  See Record Document 15.  Thereafter, Mr. Hassan filed the instant motion for summary judgment, asserting that Mrs. Leleux "cannot evidence that she was deprived of any property interest without the sufficient notice and the opportunity to be heard required by due process because she has not been deprived of any property and has admitted by filing her *Complaint* on September 28, 2017 that she had actual notice prior to any actual withholding of wages paid to her by St. Mary Parish School Board."  See Record Document 24 at 3 (emphasis in original).  Mrs. Leleux opposed the motion for summary judgment, arguing there are genuine issues of material fact that preclude summary judgment.  See Record Document 28.

## LAW AND ANALYSIS

### I.      Summary Judgment Standard.[8]

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Sossamon v. Lone Star State of Tex., 560 F.3d 316, 326 (5th Cir. 2009); Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000).  A genuine issue of material fact exists if a reasonable jury

---

[8]In her opposition to Mr. Hassan's motion for summary judgment, Mrs. Leleux initially questions whether "this cause is ripe for adjudication on summary judgment" and references her pending motion to compel the deposition of Mr. Hassan. Record Document 28 at 1. This issue, and the resulting motion to compel, will be addressed infra.

could render a verdict for the nonmoving party.  See Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008) (citing Anderson, 477 U.S. at 252); Hamilton, 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.  See Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.  See Washburn, 504 F.3d at 508.  All facts and inferences are construed in the light most favorable to the nonmoving party.  See Brumfield, 551 F.3d at 326 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.  See Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship, 520 F.3d 409, 412 (5th Cir. 2008) (citing Celotex Corp., 477 U.S. at 325).  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.  See Condrey v. SunTrust Bank of Ga., 431 F.3d 191, 197 (5th Cir. 2005).

When both parties have submitted evidence of contradictory facts, a court is bound to draw all reasonable inferences in favor of the nonmoving party.  See Boudreaux v. Swift Transp. Co., Inc., 402 F.3d 536, 540 (5th Cir. 2005).  The court cannot make credibility determinations or weigh the evidence, and the nonmovant cannot meet his burden with unsubstantiated assertions, conclusory allegations, or a scintilla of evidence.  Id.  "When

all of the summary judgment evidence presented by both parties could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment is proper." Greene v. Syngenta Crop Prot., Inc., 207 F.Supp.2d 537, 542 (M.D. La. 2002) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Further, the Court notes that this case will be tried to the bench. The Fifth Circuit has "determined that a district court has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial." Matter of Placid Oil Co., 932 F.2d 394, 397 (5th Cir. 1991). "[W]here 'the evidentiary facts are not disputed, a court in a nonjury case may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions.'" Id. at 398 (quoting Nunez v. Superior Oil Co., 572 F.2d 1119, 1124 (5th Cir. 1978)). To that end, the Fifth Circuit has upheld "the grant of a summary judgment motion requiring the district court to make a factual determination 'in light of all the circumstances surrounding a given transaction.'" Id. (quoting Hous. N. Hosp. Props. v. Telco Leasing, Inc., 680 F.2d 19, 22 (5th Cir. 1982)). "Although, as always, a district court must be aware that assessments of credibility come into sharper focus once live witnesses are heard," the Fifth Circuit has found "that even at the summary judgment stage a judge in a bench trial has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result." Id. (citing Nunez, 572 F.2d at 1123-24). "If a trial on the merits will not enhance the court's ability to draw inferences and conclusions," then the court should "draw [] inferences without resort to the expense of trial." Id. (quoting Nunez, 572 F.2d at 1124). With these standards in mind, the Court turns now to the merits of the instant

motion for summary judgment.

## II.   Applicable Law.

### A.   Due Process.

Title 42, United States Code, Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights.  Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989); Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs., 380 F.3d 872, 879-80 (5th Cir. 2004).  To state a Section 1983 claim, a plaintiff must:  (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  See Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013). With regard to the second criterion, "a private party's joint participation with state officials in the seizure of disputed property based on that party's ex parte application is sufficient to characterize the party as a 'state actor' for purposes of the Fourteenth Amendment." Doyle v. Landry, 67 F. App'x 241, 2003 WL 21108477, *4 (5th Cir. 2003) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941-42 (1982)).[9]

---

[9]See also Davis Oil Co. v. Mills, 873 F.2d 774, 781 (5th Cir. 1989) (finding that, when the plaintiff challenged the constitutionality of the state procedure that allowed foreclosure and the execution of a judgment pursuant to foreclosure without providing constitutionally adequate notice to other parties whose interests in the property would be extinguished along with the debtor's interest, the private entity that initiated the proceeding was considered a joint participant with the state because it set into motion the procedures that would extinguish the plaintiff/non-debtor's interest in the property).

The Supreme Court has "described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest.'" Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (citation omitted) (emphasis in original).  Due process, however, "does not require that a property owner receive actual notice before the government may take his property." Jones v. Flowers, 547 U.S. 220, 226 (2006) (citing Dusenbery v. United States, 534 U.S. 161, 170 (2002)).  A state actor need only provide "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).[10]  The analysis of a claim of the denial of procedural due process requires that (1) the court determine whether state action has deprived the plaintiff of life, liberty, or property, and, if such a deprivation is found, (2) the court must then determine whether state procedures for challenging the deprivation satisfy due process.  See Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984).  "[D]ue process is flexible and calls for such procedural protections as the particular situation demands."  Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quotations and citation omitted).  Due process "is not a technical conception with a fixed content unrelated to time, place and circumstances."  Id. (quotations and citation omitted).

---

[10]The Fifth Circuit in Kinnison v. City of San Antonio, 480 F. App'x 271, 276 n.7 (5th Cir. 2012), noted that "[a]lthough courts generally analyze procedural due process claims under the well-known Mathews v. Eldridge balancing test, 424 U.S. 319, 335, [] (1976), the Supreme Court clarified in Dusenbery that Mullane's reasonable-under-the-circumstances standard applies to such claims premised on allegedly inadequate notice."  See Dusenbery, 534 U.S. at 167-68.

**B.    Garnishment.**

Pursuant to Federal Rule of Civil Procedure 69(a)(1), a "money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."[11]  According to Louisiana Code of Civil Procedure Article 2411, a judgment creditor, "by petition and after the issuance of a writ of fieri facias, may cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor. . . ."  The article further provides that the "seizure shall take effect upon service of the petition, citation, interrogatories, and a notice of seizure, as required by Article 2412(A)(1)."  La. Code Civ. Proc. art. 2411(B).  Louisiana Code of Civil Procedure Article 2412(A)(1) provides that the "sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor."  Section (A)(2) of Article 2412 states that the judgment creditor shall "send to the judgment debtor written notice of the filing of the garnishment petition by mail or electronic means" but that the "notice provided to the judgment debtor shall have no effect on the validity of the seizure."

**III.    Analysis.**

**A.    Deprivation Of Property.**

In a Section 1983 claim that asserts a violation of due process, the court must first

---

[11]Mr. Hassan employed Louisiana practice and procedure to execute his judgment.

determine whether the state action has deprived the individual of a protected interest. See Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984). Mr. Hassan's first argument as to why Mrs. Leleux's claims should be dismissed is that Mrs. Leleux did not suffer a deprivation of property. He contends that "[s]ince no wage garnishment actually took place," there was no deprivation and thus no actionable claim. Record Document 24 at 5. Mrs. Leleux counters with Louisiana Code of Civil Procedure Article 2411(B)(1) which addresses garnishment and provides that the "seizure shall take effect upon service of the petition, citation, interrogatories, and a notice of seizure, as required by Article 2412(A)(1)."[12]

It is clear from Article 2411(B)(1) and Louisiana caselaw that the seizure of Mrs. Leleux's wages took effect on the date that the interrogatories were served upon her employer. See id.; Houma Mortg. & Loan, Inc. v. Marshall, 664 So.2d 1199, 1203 (La. App. 1st Cir. 1995) ("Under the plain wording of [Louisiana Code of Civil Procedure Article] 2411, the seizure effected by a garnishment proceeding becomes effective upon service of the petition, citation, and interrogatories.") (quoting May v. Market Ins. Co., 373 So.2d 763, 768 (La. App. 3d Cir.), writ granted on other grounds, 376 So.2d 958 (La. 1979); Assocs. Fin. Servs., Inc. v. McClendon, 367 So.2d 91, 93 (La. App. 4th Cir. 1979); Owen v. Owen, 335 So.2d 529, 531 (La. App. 2d Cir. 1976). However, Louisiana law also

---

[12]Mr. Hassan also argues that "the threat of the garnishment of wages is not sufficient injury to support a constitutional deprivation under § 1983." Record Document 24 at 5. This argument is disingenuous in light of the explicit wording in Louisiana Code of Civil Procedure Article 2411 and the fact that amounts were actually deducted from Mrs. Leleux's wages, although promptly returned. Furthermore, Mr. Hassan fails to cite any relevant caselaw in support of this assertion. In addition, Mr. Hassan's argument as to this issue fails to mention Louisiana Code of Civil Procedure Article 2411.

acknowledges that the seizure is a "constructive one, intended to immobilize the property until it can be distributed by court order." Houma Mortg. & Loan, Inc., 664 So.2d at 1203 (citation omitted).  While it is arguable that Mrs. Leleux was not deprived of any property interest in the truest sense of the words, as her wages were returned within days on the two occasions they were withheld, it is unnecessary for this Court to decide this issue, as Mrs. Leleux received notice sufficient to satisfy due process.

### B.   Notice.

Mrs. Leleux asserts that she was "afforded no notice, nor was she afforded an opportunity to oppose the garnishment prior to its becoming effective." Record Document 28 at 6.  Mr. Hassan counters that Mrs. Leleux had actual notice within two days of service of the garnishment interrogatories on her employer, as evidenced by the filing of her complaint, and actual notice prior to any withholdings by her employer.  See Record Document 24 at 6.  The undersigned concludes, based on the following, that Mrs. Leleux did have notice sufficient to satisfy due process. A review of Louisiana caselaw supports this conclusion.

In Shel-Boze, Inc. v. Melton, 509 So.2d 106 (La. App. 1st Cir. 1987), a wife's wages were garnished to satisfy an obligation incurred by her husband during the existence of the community property regime.  In Shel-Boze, the husband was served with process at the residence he shared with his wife but failed to answer, and a default judgment was rendered against him.  The creditor filed a petition for garnishment of the wife's wages but the wife was not served with prior judicial notice of the garnishment.  See id. at 107-08. After the garnishment commenced, the wife filed a petition for separation from the husband.  The Shel-Boze court rejected the wife's argument that the failure to serve her

individually with prior notice of the original judgment or the garnishment proceedings deprived her of her procedural due process rights.  The court noted that either the husband or the wife was the proper party defendant in the suit to enforce the obligation against community property, citing Louisiana Code of Civil Procedure 735.  See id. at 109.  The court reasoned:

> In the instant case, [the husband] obligated the community property by guaranteeing payment of the business loan.  He acted for the community in accepting the service of notice of the original suit and, apparently, made a decision not to expose the community to the expense of defending it or the subsequent garnishment of the community income.  A default judgment was rendered against [the] husband during the community regime after service upon him at the community residence.

Id.  The court noted that, "if at all possible, both spouses should be made parties to any suit to enforce an obligation against community property."  Id.  However, the Shel-Boze court concluded that where "the spouses reside together at the time, service of prior notice on one spouse alone does not offend the due process rights of the other with respect to the enforcement of an obligation against community property."  Id.

Similarly, in Hebert v. Unser, 593 So.2d 977 (La. App. 5th Cir. 1992), the husband incurred the debt, was served with notice of the suit, and later defaulted.  The wife's wages were garnished to satisfy the husband's judgment.  No notice was given to the wife prior to the garnishment of her wages.  See id. at 978-79.  The Hebert court discussed Shel-Boze and reasoned that since either party is the proper party in an action to enforce a community obligation, the wife did not have to be notified of the suit or garnishment.[13]  Id.

---

[13]The court distinguished Magee v. Amiss, 502 So.2d 568 (La. 1987), where the Louisiana Supreme Court had held that a wife's due process rights were violated by the

at 980-81.

Yet another court reached a similar conclusion, albeit in relation to property instead of garnishment of wages.  In Gewalt v. Stevens, 757 So.2d 705 (La. App. 1st Cir. 1999), the defendant husband raised the failure of the plaintiffs to join the defendant's wife in an action involving alleged community property.  The Gewalt court noted that "both spouses should be made parties to any suit to enforce an obligation against community property, if at all possible."  Id. at 708.  However, the court also found, citing Shel-Boze, that "where, as here, the spouses reside together at the time, service of prior notice on one spouse alone does not offend the due process rights of the other with respect to the enforcement of an obligation against community property."  Id.

The Louisiana Third Circuit Court of Appeal further continued this logic in the case of Price v. Secretary, Department of Revenue and Taxation, State of Louisiana, 664 So.2d 802 (La. App. 3d Cir. 1995).  In Price, a wife's wages were garnished to satisfy her husband's sales tax obligation from the community property.  It was undisputed that the wife did not receive notice of the garnishment of her wages until she received her paycheck reflecting the garnishment.  See id. at 806.  The Price court examined the cases of Shel-Boze and Hebert and ultimately held that the wife "was not entitled to notice of the garnishment of the taxes assessed" to her husband.  Id. at 807.

Other courts have applied this principle.  For example, United States v. Givens, No. 07-CV-2186, 2009 WL 1362764 *4 (W.D. La. May 14, 2009), referenced the fact that Louisiana courts have found no error where spouses reside together and one spouse is

---

lack of notice of alienation of through judicial sale of a community immovable.

properly served, citing, inter alia, Gewalt and Shel-Boze.  The Louisiana First Circuit Court

of Appeal also mentioned these principles in Martin v. Martin, 38 So.3d 1174, 1179 n.3 (La.

App. 1st Cir. 2010), noting that "[d]uring the existence of the marriage and the community,

service on one spouse is sufficient, since each is an agent of the other with respect to the

community, and due process is satisfied."  Id. (citing Gewalt, 757 So.2d at 708).

Mrs. Leleux principally relies upon the case of Jackson v. Galan, 631 F.Supp. 409

(E.D. La. 1986), to support her argument that her due process rights were violated.[14]  In

Jackson, the wife brought a civil rights action pursuant to Section 1983 against the

judgment creditor of the husband who had garnished her wages.  A garnishment petition

was filed against the wife's employer by the husband's creditor.  The wife was not served

with a copy of the garnishment petition.  See id. at 411.  The court found that "[t]he seizure

by garnishment of plaintiff's wages based upon a judgment arising out of an action in which

she was neither named as a party defendant nor served with process of any kind deprived

plaintiff of her property without due process of law in violation of the Fourteenth

Amendment to the United States Constitution."  Id. at 415-16.

Jackson is distinguishable from the case sub judice.  In Jackson, the husband and

---

[14]Mrs. Leleux also cites the unpublished case of Williams v. First, No. 79-3185 (E.D. La. Mar. 27, 1981), in support of her position.  She did not attach a copy of this case to her opposition.  However, the undersigned obtained a copy of the opinion after requesting it from court resources.  The Williams opinion is, in fact, a one and a half page *judgment*, containing the court's conclusion as to due process claims, with no recitation of the underlying facts of the case contained therein.  Thus, this court cannot conduct a meaningful analysis of the Williams court's opinion.

Moreover, Mrs. Leleux briefly references Jones v. Flowers, 547 U.S. 220 (2006) and Lewis v. Succession of Johnson, 925 So.2d 1172, 1184 (La. 2006), both cases dealing with tax sales of immovable property, but conducts no analysis thereof.

wife were separated physically, although not judicially.  See id. at 411 n.3.[15]  The creditor

obtained a judgment of garnishment over a year after filing the garnishment petition.

Thereafter, for almost two years, wages were seized by the sheriff pursuant to a writ of fieri

facias.[16]  In the instant matter, the parties are not separated, no judgment of garnishment

has ever been issued ordering the garnishment of Mrs. Leleux's wages, and the *two* times

that funds were withheld from Mrs. Leleux's pay, she received the funds within days.[17]

         In the case sub judice, Mrs. Leleux has admitted that she resides with her husband.

See Record Document 24, Ex. C.  Louisiana courts have repeatedly found that "where, as

here, the spouses reside together at the time, service of prior notice on one spouse alone

---

[15]Interestingly, the Jackson court stated that the wife's wages were garnished on September 27, 1983.  This is the date that the first amounts were *withheld* from her paycheck, not the date upon which the garnishment petition was served upon her employer.  Although the Jackson court made this reference with regard to its analysis of the statute of limitations, it is nonetheless noteworthy.  If this court were to adopt the date of wages withheld as the date of the deprivation of property, Mrs. Leleux clearly had actual notice of the garnishment prior to the deprivation.

[16]The undersigned further notes that there was no analysis done by the Jackson court with regard to its due process conclusion.  The Jackson court, in a section entitled "Law," opined that the Louisiana code articles "can result in a blatant invasion of due process rights."  Id. at 412.  However, there was no section of the opinion thereafter discussing the due process issue prior to the court's conclusion that the seizure deprived the plaintiff of her property without due process.

[17]Furthermore, it is arguable that Mrs. Leleux had actual notice of the garnishment to the extent that she filed suit in this court less than forty-eight hours after the garnishment interrogatories were served on her employer and before any wages were garnished.  While due process requires only "reasonably calculated" notice, actual notice of the garnishment would "more than satisf[y]" her due process rights.  See DeJoria v. Maghreb Petroleum Exploration, S.A., 804 F.3d 373, 387 (5th Cir. 2015)(quoting United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010)).  The Eighth Circuit Court of Appeals has also found that "a person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm."  Nunley v. Dep't of Justice, 425 F.3d 1132, 1139 (8th Cir. 2005) (citation omitted).

does not offend the due process rights of the other with respect to the enforcement of an obligation against community property." Gewalt, 757 So.2d at 708 (citing Shel-Boze, 509 So.2d at 109). Mrs. Leleux and Mr. Leleux resided together at the time of service of the garnishment proceedings and service on her spouse of the garnishment proceedings was sufficient to satisfy the demands of due process. Summary judgment in favor of Mr. Hassan, is, therefore, appropriate as to Mrs. Leleux's due process claim.[18]

## IV.   Whether Summary Judgment Is Premature.

Mrs. Leleux has filed a motion to defer consideration of the pending motion for summary judgment. See Record Document 29. In the alternative, she contends that the court should dismiss the motion for summary judgment.[19] See id. She asserts that the testimony of the defendant, Mr. Hassan, is "critical to plaintiff's case, and her ability to defend Hassan's pending motion for summary judgment." Id. at 1. Mrs. Leleux seeks to invoke the protections of Federal Rule of Civil Procedure 56(d), which allows a court to deny a motion for summary judgment or defer ruling until more discovery is completed. Pursuant to Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

---

[18]The undersigned also notes that Mrs. Leleux would likely have difficulty proving that she has suffered damage as a result of any alleged violation of due process, as she received her two portions of pay withheld as garnishment within days (if not on the day of in the case of her November pay) of their withholding.

[19]Mrs. Leleux has also filed a motion to compel the deposition of Mr. Hassan, which is addressed infra.

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Although Rule 56(d) motions are "broadly favored and should be liberally granted," it is not sufficient for the party responding to a motion for summary judgment to allege only that discovery is incomplete or that discovery will produce needed but unspecified facts. Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006). Instead, that party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Am. Family Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013) (quoting Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010). In other words, "a party must indicate to the court ... why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." Stults v. Conoco, Inc., 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting Krim v. BancTexas Grp., Inc., 989 F.2d 1435, 1442 (5th Cir. 1993) (emphasis in original)). A nonmovant is not entitled to a continuance for additional discovery if it "failed to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery." Bauer v. Albemarle Corp., 169 F.3d 962, 968 (5th Cir. 1999) (quoting Reese v. Anderson, 926 F.2d 494, 499 n.5 (5th Cir. 1991)). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." Raby, 600 F.3d at 561 (quoting Access Telecom, Inc. v. MCI Telecomm. Corp., 197 F.3d 694, 720 (5th Cir.1999)).

As a threshold matter, the undersigned notes that Rule 56(d) expressly requires the

party seeking relief under the rule to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the relevant motion for summary judgment.   Fed. R. Civ. P. 56(d).   Mrs. Leleux did not submit an affidavit or declaration along with her motion. For that reason, she is not entitled to the relief she seeks.

Not wishing to decide the motion solely because of a procedural omission, however, the undersigned has also analyzed the substance of Mrs. Leleux's motion. Mrs. Leleux has not presented persuasive arguments in favor of the first two requirements of the requisite analysis.  With regard to the first, Mrs. Leleux has failed to describe the particular discovery she seeks, other than to summarily state that "[t]he testimony of defendant, Lufti [sic] Hassan[,] is critical to plaintiff's case, and her ability to defend Hassan's pending motion for summary judgment."  Record Document 29 at 2.  This is the entirety of her argument as to why the motion to defer should be granted.  A one sentence attempt at describing the particular discovery she seeks clearly does not suffice.   With regard to the second requirement, Mrs. Leleux fails to explain how the discovery she seeks would preclude the entry of summary judgment. Mrs. Leleux has failed to explain what discovery she had, why it was inadequate and what she expected to learn from further discovery. See Bauer, 169 F.3d at 968.  Therefore, her request should be DENIED.[20]

## V.   Motion To Compel.

Mrs. Leleux has also filed a motion to compel discovery, wherein she requests an order "commanding the attendance of defendant, Lufti [sic] Hassan [], at a deposition to

---

[20]Even if Mrs. Leleux has arguably made a showing with regard to the third requirement, this is insufficient to obtain a Rule 56(d) continuance.

be conducted by Plaintiff."  Record Document 26 at 1.  Mr. Hassan opposes the motion,

contending that Mrs. Leleux "failed to diligently complete discovery within the Court ordered

deadlines, [] never moved to extend the deadlines, and misrepresents the history of

discovery in this matter."  Record Document 32 at 1.[21]

Federal Rule of Civil Procedure 26(b)(1) provides that the scope of discovery

concerns matters that are

> relevant to any party's claim or defense and proportional to the
> needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources,
> the importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Absent an order expanding the scope of discovery for good cause

shown, discovery generally should not be allowed for the purpose of developing new claims

or defenses not already pled.  See Fed. R. Civ. P. 26(b)(1) and Advisory Committee Notes

to the 2000 Amendments.  The determination of whether information is discoverable

because it is relevant to the claims or defenses depends upon the circumstances of the

---

[21]The parties have a lengthy history of email and phone exchanges regarding the attempt to schedule Mr. Hassan's deposition, which are attached or referred to in the motion to compel and the opposition thereto.  See Record Documents 26 and 32.  A review of these exchanges indicates that the parties have not been the epitome of cooperative lawyers.  When exchanges between respective counsel failed to reach a satisfactory resolution, Mrs. Leleux noticed Mr. Hassan's deposition, leading Mr. Hassan to file a motion to quash.  See Record Document 22.  That motion was granted in part and denied in part by electronic order issued by the undersigned.  See Record Document 23.  In the order, the parties were told that [t]he deposition may go forward at a mutually agreeable time and location and counsel are invited to consider the provisions of Rule 30(b)(4) and the court's resources to facilitate the taking of a deposition by remote means in that regard."  Id.  Despite this order, the parties were unable to resolve their dispute regarding the timing, location and means of Mr. Hassan's deposition.  Thereafter, the discovery deadline lapsed and the deposition never occurred.

pending action.  See id.

The discovery deadline provided by the undersigned was June 18, 2018.  See Record Document 16.  On July 3, 2018, Mr. Hassan filed his motion for summary judgment.  Thereafter, on July 13, 2018, Mrs. Leleux filed her motion to compel.[22]  Mr. Hassan cites the case of Beattie v. Madison County School District, 254 F.3d 595, 606 (5th Cir. 2001), in support of his argument that where a plaintiff has failed to diligently pursue discovery, she is not entitled to additional time beyond the court's discovery deadline.  See Record Document 32 at 4.  Mr. Hassan contends that, following this Court's electronic order of May 31, 2018, granting in part his motion to quash, Mrs. Leleux had eighteen days left before the discovery deadline expired and that she essentially failed to diligently pursue the scheduling of the deposition of Mr. Hassan.  See id. at 5.

The undersigned does not need to reach a conclusion regarding the diligence of Mrs. Leleux's actions, as the deposition of Mr. Hassan is simply unnecessary to the resolution of the motion for summary judgment.  In her motion to compel, Mrs. Leleux makes a one-sentence argument regarding the need for Mr. Hassan's deposition, concluding that "[i]t is vital that the deposition of Hassan be taken to determine whether he was aware of the attempt to garnish the wages of Plaintiff without affording her the opportunity to be heard or to oppose same."  Record Document 26 at ¶ 23.  Her truncated contention clearly lacks merit.  Mrs. Leleux has not identified any factual evidence that she seeks in the requested deposition that would shed any light on any of the issues pending in the motion for summary judgment.  There is simply not any information that could be

_____

[22]Mrs. Leleux did not, however, seek an extension of the expired discovery deadline.

gleaned from Mr. Hassan that would alter this court's resolution of the motion for summary judgment.  Therefore, the motion to compel should be **DENIED**.[23]

### CONCLUSION[24]

For the reasons fully explained above, this Court recommends that Mr. Hassan's motion for summary judgment (Record Document 24) be GRANTED and that the plaintiff's claims be DISMISSED WITH PREJUDICE.  This Court further recommends Mrs. Leleux's motion to compel (Record Document 26) and motion to defer consideration (Record Document 29) be DENIED.  This Court further recommends that Mr. Hassan's request for attorney's fees contained within his motion for summary judgment be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar

---

[23]Though the undersigned has sided with Mr. Hassan on this issue, his counsel is certainly not blameless.

[24]In his motion for summary judgment, Mr. Hassan also contends that he is "entitled to recover his attorney's fees given that [Mrs.] Leleux's Complaint is frivolous," citing Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001).  Record Document 24 at 8.  In Dean, the Fifth Circuit stated that "attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit."  Id.  This showing has not been made and, thus, Mr. Hassan's request should be DENIED.

an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 6th day of September, 2018.


_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE